UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-60094-CIV-SINGHAL

CRUISE AMERICA ASSOCIATES, LLC,
CRUISE VENTURES, INC., and
WILLIAM B. MOLLARD, INC.,

    Plaintiffs,

v.

ABSOLUTE NEVADA, LLC,
DELOS SHIPPING, LLC,
DELOS CRUISE VENTURES, LLC,
VICKY L. PORTER-HOFFMAN,
BRIAN LADIN, and
INSTITUTE FOR SHIPBOARD EDUCATION,

    Defendants.
_____/

## ORDER GRANTING TEMPORARY STAY AND ADMINISTRATIVELY CLOSING CASE

**THIS CAUSE** is before the Court on the Defendants' Joint Motion to Compel Arbitration and Stay, or, in the Alternative, Dismiss Action and Memorandum of Law (DE [16]).[1] The parties agree that this matter must be addressed in arbitration and this matter should be stayed. The primary purpose of the Federal Arbitration Act ("FAA") is to "[ensure] that private agreements to arbitrate are enforced according to their terms." *Volt Info. Scis. v. Bd. of Trs.*, 489 U.S. 468, 479 (1989); *see also Mastrobuono v. Shearson Lehman Hutton*, 514 U.S. 52, 53–54 (1995). There is an "emphatic federal policy in favor of arbitral dispute resolution." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985). Courts are to construe "any doubts concerning the scope of arbitrable issues . . . in

---

[1] The CM/ECF title for (DE [16]) reads "Joint MOTION to Dismiss [3] Amended Complaint/Amended Notice of Removal, *and Memorandum of Law*".

favor of arbitration." *Id.* at 126.  According to the FAA, arbitration agreements "shall be valid, irrevocable, and enforceable," however, "arbitration is a matter of contract."  9 U.S.C. § 2; *Griggs v. Kenworth of Montgomery, Inc.*, 775 Fed. Appx. 608, 612 (11th Cir. 2019).

The Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  A stay, however, must be properly limited and must not be "immoderate."  *Ortega Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1264 (11th Cir. 2000).  The Court finds that the requested stay is reasonable in scope and helpful for the control of its docket.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendants' Joint Motion to Compel Arbitration and Stay, or, in the Alternative, Dismiss Action and Memorandum of Law (DE [16]) is **GRANTED**.

2. Plaintiffs and Defendants shall **SUBMIT** to arbitration any and all claims and disputes arising from or in connection with the Standard Cruise Voyage Charter Party dated November 4, 2015, between Absolute Nevada and Phoenix Reisen GmbH (the "AN-PR Charter"), asserted in this matter in accordance with Clause 27 of the AN-PR Charter.

3. Plaintiffs and Defendants shall **SUBMIT** to arbitration any and all claims and disputes arising from or in connection with the Standard Bareboat Charter Party dated May 20, 2015, between Absolute Nevada and the Institute (the "AN-ISE Charter"), asserted in this matter in accordance with Clause 45 of the AN-ISE Charter.

4. Plaintiffs and Defendants shall **SUBMIT** to arbitration any and all claims and disputes arising from or in connection with the Commission Agreement dated May 15, 2017, between Absolute Nevada and Cruise Ventures, Inc. (the "Commission

Agreement"), asserted in this matter in accordance with Clause 16 of the Memorandum of Agreement dated May 11, 2017, between Absolute Nevada and Delos Shipping LLC, which is incorporated by reference in the Commission Agreement.

5. The case is **STAYED**, and the Parties shall file a joint-status report within thirty (30) days after any arbitration award is issued.

6. The Clerk of Court is directed to **ADMINISTRATIVELY CLOSE** this case, either party may request the Court to reopen the case.

7. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED WITHOUT PREJUDICE**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 27th day of June 2022.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF