**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CRUISE AMERICA ASSOCIATES, LLC;
CRUISE VENTURES, INC. and WILLIAM
B. MOLLARD, INC.,

                Plaintiffs,

        v.

ABSOLUTE NEVADA, LLC, DELOS
SHIPPING, LLC, VISER CRUISE OPCO,
LLC f/k/a/ DELOS CRUISE VENTURES,
LLC, VICKI L. PORTER, BRIAN LADIN
and INSTITUTE FOR SHIPBOARD
EDUCATION

                Defendants.

CASE NO.: 22-cv-60094-AHS

**DEFENDANTS' MOTION TO REOPEN CASE TO CONFIRM TWO FINAL
ARBITRAL AWARDS AND ENTER FINAL JUDGMENT PURSUANT TO FED. R. CIV.
P. 54(b) AND MEMORANDUM IN SUPPORT THEREOF**

Defendants Institute for Shipboard Education ("ISE"), Absolute Nevada, LLC ("Absolute

Nevada"), Vicki L. Porter, Viser Cruise Opco LLC ("Viser") f/k/a Delos Cruise Ventures, LLC

("DCV"), Brian Ladin, and Delos Shipping, LLC ("Delos Shipping") (collectively, the

"Defendants"), by their undersigned attorneys, file this motion for an order (i) reopening the case;

(ii) confirming two final arbitration awards (the "Final Awards") issued by an arbitration panel

pursuant to the arbitration rules of the Society of Maritime Arbitrators ("SMA"), pursuant to 9

U.S.C. § 9; and (iii) dismissing with prejudice Counts I, II, IV, V, VII, IX, X, and XII of Plaintiffs'

Amended Complaint [ECF No. 3].

The Defendants further request that (iv) judgment be entered in their favor pursuant to Fed.

R. Civ. P. 54(b) and jointly and severally against Plaintiffs Cruise America Associates LLC

("Cruise America"), William B. Mollard, Inc. ("Mollard") and Cruise Ventures Inc. ("Cruise

Ventures") (collectively, "Plaintiffs" or the "Brokers") consistent with the Final Awards, pursuant to 9 U.S.C. § 13, that (v) Defendants be granted pre-judgment interest from June 5, 2025 at the rate of nine percent per annum, consistent with the rate imposed in in the Final Awards and New York law, and (vi) Defendants be awarded their fees and expenses in connection with this motion. A true and correct copy of the Final Awards is annexed to the Declaration of David M. Rownd dated March 12, 2026 (the "Rownd Declaration") as **Exhibit 1**. The Rownd Declaration is attached as Exhibit "A" to this motion.

## BACKGROUND

### A.      The Arbitration Agreements

In the first arbitration, the Brokers sought a sale commission for a potential sale of the passenger vessel Deutschland a/k/a World Odyssey (the "Vessel") under a one-page commission agreement dated May 15, 2017 between Cruise Ventures and Absolute Nevada (the "Commission Agreement").  A true copy of the Commission Agreement is annexed to the Rownd Declaration as **Exhibit 2**.  Pursuant to the Commission Agreement, "The law and jurisdiction controlling this Agreement shall be the same as is set forth in the Memorandum of Agreement covering the sale of the Vessel."  **Exhibit 2**.

The Commission Agreement is dated four days after a May 11, 2017 Memorandum of Agreement that contemplated the sale of the Vessel from Absolute Nevada to Delos Shipping (as amended, the "AN-DS MOA").  A true copy of the AN-DS MOA is annexed to the Rownd Declaration as **Exhibit 3**.  Pursuant to the AN-DS MOA:

> This Agreement shall be governed by and construed in accordance with Title 9 of the United States Code and the substantive law (not including the choice of law rules) of the State of New York and any dispute arising out of or in connection with this Agreement shall be referred to three (3) persons at New York, one to be appointed by each of the parties hereto, and the third by the two so chosen; their decision or that of any two of them shall be final, and for the

FOWLER WHITE BURNETT P.A. • CITIGROUP CENTER, 201 SOUTH BISCAYNE BOULEVARD, 20TH FLOOR, MIAMI, FL 33131 • (305) 789-9200

> purposes of enforcing any award, judgment may be entered on an award by any court of competent jurisdiction. The proceedings shall be conducted in accordance with the rules of the Society of Maritime Arbitrators, Inc.

**Exhibit 3**, AN-DS MOA, Clause 16.

In the second arbitration, Cruise America and Cruise Ventures brought claims for charter hire commissions under a May 20, 2015 seasonal bareboat charter of the Vessel between Absolute Nevada as owner and ISE as charterer (as amended, the "AN-ISE Charter").  A true copy of the AN-ISE Charter is annexed to the Rownd Declaration as **Exhibit 4**.  Pursuant to the AN-ISE Charter:

> Any and all disputes and claims arising under or in connection with this Charter shall be referred to arbitration in New York, New York, before a panel of three arbitrators . . . .  The decision of the three arbitrators, or any two of them, shall be final and may be enforced by any court of competent jurisdiction.

**Exhibit 4**, AN-ISE Charter, Additional Clauses, Clause 45.[1]

B.   **Plaintiffs Improperly File Suit in This Court, and the Court Orders the Parties to Arbitration**

The Brokers initially attempted to avoid the contractually-mandated SMA arbitration procedure.  On January 12, 2022, the Brokers filed the instant case [ECF No. 1].  On June 27, 2022, the Court ordered the parties to arbitration in accordance with the parties' agreements [ECF No. 22].

On July 26, 2022, the Defendants initiated both SMA arbitrations by making a written demand to the Brokers' counsel. The Defendants appointed Louis P. Sheinbaum as their arbitrator in both cases.  On the same day, the Brokers served upon the Defendants their demands for

---

[1]  In the second arbitration, Absolute Nevada asserted a counterclaim against Cruise Ventures for overpayment of charter hire commission in connection with the AN-ISE Charter.

3

arbitration, appointing Michael T. Monahan as their arbitrator in both arbitrations. On August 23, 2022, Louis Epstein was appointed as the third arbitrator and chair of the panel.

On September 12, 2023, by stipulation of the parties, the panel consolidated these two arbitrations for purposes of discovery and the hearing but maintained the separateness of the two arbitrations.

The panel conducted hearings on the merits of the two consolidated arbitrations in New York, New York on October 22 and 23, 2024 and November 5 and 6, 2024. During the hearings, the parties were afforded the opportunity to, and did in fact, present testimony, documentary evidence and argument in support of their respective positions. Following the hearings, the parties submitted extensive post-hearing briefs and reply briefs. Throughout the arbitrations, the Brokers were represented by their counsel, Moore & Co. Defendants were represented by their respective counsel.

C.      The Final Awards

After considering all the testimony and documentary proof entered and arguments made, the majority of the panel found that the Brokers had failed to prove each and every one of their claims against Defendants, and the Brokers were not entitled to any relief under any of their theories of recovery, whether contractual, equitable, or tort-based. On June 5, 2025, the panel issued the Final Awards, finding in favor of Defendants on all claims, including Absolute Nevada's counterclaim, and awarded Defendants all of their attorneys' fees and costs. The Final Awards were served on counsel for all parties on June 9, 2025.

Specifically, with respect to the first arbitration, the Final Awards ordered that:

(a)      In accordance with Section 30 of the SMA Rules, Defendants are awarded, and the Brokers are jointly and severally liable for, the following attorneys' fees and expenses:

| | |
|---|---|
| | |

4

| Absolute Nevada, LLC | $ 222,306.39 |
|---|---|
| Institute for Shipboard Education | $ 728,207.14 |
| Brian Ladin | $ 102,723.30 |
| Viser Cruse Opco, LLC | $ 31,846.90 |
| **Total** | **$ 1,085,083.73** |

(b)     Defendants are awarded, and the Brokers are jointly and severally liable for, the following amounts paid by the Defendants into escrow to cover arbitrator fees and expenses:

| Institute for Shipboard Education | $ 30,551.25 |
|---|---|
| Viser Cruse Opco, LLC | $ 30,551.25 |
| **Total** | **$ 61,102.50** |

With respect to the second arbitration, the Final Awards ordered that:

(c)     Cruise Ventures and Cruise America wrongfully overcharged Absolute Nevada $101,406.25 in charter hire commissions.  The panel set off of the termination commission of $ 44,917.50 in accordance with Clause 27 of the AN-ISE Charter, and $49,787.52 in charter hire commission accrued in favor of Cruise Ventures prior to the date of the sale of the Vessel. Cruise Ventures and Cruise America are jointly and severally liable to Absolute Nevada for the net amount of $6,701.23.

(d)     In accordance with Section 30 of the SMA Rules, Defendants are awarded, and the Brokers are jointly and severally liable for, the following attorneys' fees and expenses:

| Absolute Nevada, LLC | $ 222,306.39 |
|---|---|
| Institute for Shipboard Education | $ 928,530.17 |
| Viser Cruse Opco, LLC | $ 171,252.40 |
| | |

5

| Total | $ 1,322,088.96 |
|---|---|

(e)      Defendants are awarded, and the Brokers are jointly and severally liable for, the following amounts paid by the Defendants into escrow to cover arbitrator fees and expenses:

| | |
|---|---|
| Institute for Shipboard Education | $ 30,551.25 |
| Viser Cruse Opco, LLC | $ 30,551.25 |
| **Total** | **$ 61,102.50** |

With respect to both sets of awards, the panel ruled: "If the [Brokers] do not pay the above amounts prior to July 7, 2025, interest will accrue on the above amounts or any unpaid portion thereof at 9 percent per annum from the date of his Award until the date of payment in full." **Exhibit 1**, ¶¶ 203, 210; *see also* N.Y. C.P.L.R. 5004 (setting prejudgment interest rate at 9 percent).[2]  The Brokers have failed to pay Defendants *any* amount of fees, expenses, and interest owed.

The Final Awards have not been vacated under 9 U.S.C. § 10, or modified or corrected under 9 U.S.C. § 11.  Pursuant to 9 U.S.C. § 12, the three-month period within which to vacate, modify, or correct the Final Awards expired on September 9, 2025.  Pursuant to 9 U.S.C. § 9, Defendants have brought this action within one year after the Final Awards were served on June 9, 2025.  No previous application has been made for the relief requested in this petition.

---

[2]  The AN-DS MOA is governed by New York law. (**Exhibit 3**, Clause 16.)  The AN-ISE Charter is governed by federal maritime law and, to the extent not inconsistent therewith, New York law. (**Exhibit 4**, Clause 44.)

FOWLER WHITE BURNETT P.A. • CITIGROUP CENTER, 201 SOUTH BISCAYNE BOULEVARD, 20TH FLOOR, MIAMI, FL 33131 • (305) 789-9200

## ARGUMENT

#### A.      The Court Should Confirm the Two Final Awards

The FAA "imposes a heavy presumption in favor of confirming arbitration awards." *Darden v. Fly Low, Inc.*, No. 20-CV-20592, 2021 WL 4200640, at \*2 (S.D. Fla. Aug. 19, 2021), *report and recommendation adopted*, No. 20-CV-20592, 2021 WL 4197164 (S.D. Fla. Sept. 15, 2021) (quoting *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1288 (11th Cir. 2002)).  The court's confirmation of an award is "usually routine or summary."  *Cat Charter, LLC v. Schurtenberger*, 646 F.3d 836, 842 (11th Cir. 2011). The Court "need not conduct a full hearing on a motion to . . . confirm; such motion may be decided on the papers without oral testimony."  *Booth v. Hume Pub., Inc.*, 902 F.2d 925, 932 (11th Cir. 1990).

As this Court previously determined, the parties in this case entered into written contracts containing or incorporating agreements to arbitrate the instant disputes pursuant to the FAA and the SMA Rules [ECF No. 22].  Section 9 of the FAA requires federal courts to confirm arbitral awards and provides in pertinent part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon **the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title** . . . .

9 U.S.C. § 9 (emphasis added).

A party seeking to vacate, modify, or correct the arbitration award must initiate such action within three months after the date that the award was delivered.  9 U.S.C. §§ 10(a), 11, 12.  The failure of a party to move to vacate, modify, or correct an arbitral award within the FAA's three-month limitations period "bars him from raising the alleged invalidity of the award as a defense in

FOWLER WHITE BURNETT P.A. • CITIGROUP CENTER, 201 SOUTH BISCAYNE BOULEVARD, 20TH FLOOR, MIAMI, FL 33131 • (305) 789-9200

opposition to a motion brought under Section 9 of the [FAA] to confirm the award." *Cullen v. Paine, Webber, Jackson & Curtis, Inc.*, 863 F.2d 851, 854 (11th Cir. 1989).

Courts must confirm arbitration awards where, as here, the time has passed within which to move to vacate or modify the award. *See Cullen*, 863 F.2d at 854 ("[C]onfirmation can only be denied if an award has been corrected, vacated or modified in accordance with the [FAA]."). The Eleventh Circuit has recognized that "[b]ecause arbitration is an alternative to litigation, judicial review of arbitration decisions is among the narrowest known to the law." *AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc.*, 508 F.3d 995, 1001 (11th Cir. 2007) (internal quotations omitted).

The underlying agreements provide that the arbitrators' decision "shall be final, and for the purposes of enforcing any award, judgment may be entered on an award by any court of competent jurisdiction" (**Exhibit 2**, Commission Agreement; **Exhibit 3**, AN-DS MOA, Clause 16), and "shall be final and may be enforced by any court of competent jurisdiction" (**Exhibit 4**, AN-ISE Charter, Additional Clauses, Clause 45). Each of the Final Awards states: "This Award may be confirmed by the United States District Court for the Southern District of New York or any other court which has jurisdiction." **Exhibit 1**, ¶¶ 204, 211.

This Court previously stayed and administratively closed the case, ruling that "either party may request the Court to reopen the case" [ECF No. 22]. Where a court is empowered to order a case to arbitration, it is also vested with the authority to confirm the award and enter judgment. *See Darden*, 2021 WL 4200640, at *4. Pursuant to the FAA, the judgment so entered "shall have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered." 9 U.S.C. § 13.

FOWLER WHITE BURNETT P.A. • CITIGROUP CENTER, 201 SOUTH BISCAYNE BOULEVARD, 20TH FLOOR, MIAMI, FL 33131 • (305) 789-9200

**B.     The Court Should Enter Final Judgment as to the Claims Encompassed in the Final Awards**

Fed. R. Civ. P. 54(b) states, in pertinent part, that "When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  In determining whether to enter judgment under Rule 54(b), the district court must determine (1) whether its decision can constitute a "final judgment," and (2) whether there is any just reason for the delay in the entry of such judgment. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7-8 (1980); *see also Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 722 (11th Cir. 2021).

As to the first prong, a "final judgment" must be a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action."  *Curtiss-Wright Corp.*, 446 U.S. at 7-8 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427 (1956)). A final judgment may enter where, as here, it entirely disposes of a separable claim.  Claims are separable when there is more than one possible recovery or if "different sorts of relief" are sought, "even if even if they arise out of a single transaction or occurrence." *Choate v. Atlanta Radio, LLC*, No. 23-10282, 2024 WL 1231207, at *1 (11th Cir. Mar. 22, 2024) (quoting *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007)).

Plaintiffs' claims that were dismissed, as stated in the Final Awards.  Each claim at issue relates solely to either the Commission Agreement or the AN-ISE Charter, and so each claim at issue is properly dismissed following confirmation of the Final Awards, which are entirely in

9

Defendants' favor.[3]   The remaining claims (in whole or in part) are subject to resolution in the pending London arbitration pursuant to the Standard Cruise Voyage Charter Party dated November 4, 2015, between Absolute Nevada and Phoenix Reisen GmbH (the "AN-PR Charter").  *See* ECF No. 22, at 2.  The tribunal in the London arbitration dismissed claims against certain respondents (certain Defendants) for lack of jurisdiction, and claimants (Plaintiffs) have abandoned or otherwise withdrawn the remaining claims.  (ECF No. 36, at 3.)  The Tribunal determined that claimants (Plaintiffs) are jointly and severally liable for respondents' (Defendants') reasonable legal costs.  *Id.*  The parties are awaiting the Tribunal's ruling on certain remaining outstanding applications for costs.  *Id.*

Accordingly, the Final Awards are final and binding, and are not affected by the remaining fee applications in a separate London arbitration brought under a separate contract.[4]   Therefore, the requested order confirming the Final Awards and dismissing Plaintiffs' corresponding claims will be a final order.  *See, e.g.*, *Choate*, 2024 WL 1231207, at *2 ("Although the district court's partial judgment did not completely dismiss any party, it did completely resolve Choate's Title VII claims."); *Hirsch v. Jupiter Golf Club LLC*, No. 13-80456-CIV, 2017 WL 5300086, at *1 (S.D. Fla. June 22, 2017) ("Even though the claims of Plaintiffs and RBF relate to the same underlying facts, Plaintiffs sought a refund of their membership deposits from Jupiter whereas RBF seeks indemnification from Jupiter, an entirely distinct form of recovery and relief.").

---

[3] Defendants seek dismissal of the following claims: Count I (breach of Commission Agreement); Count II (breach of AN-ISE Charter); Count IV (quantum meruit concerning sales commission); Count V (breach of oral contract concerning AN-ISE Charter), VII (quantum meruit concerning sales commission); Count IX (tortious interference with Commission Agreement); Count X (tortious interference with AN-ISE Charter); and Count XII (tortious interference with AN-ISE Charter).

[4] Defendants are not presently seeking confirmation of any award in the London arbitration, but reserve the right to do so once a final award has been issued by the tribunal.

Fowler White Burnett P.A. • Citigroup Center, 201 South Biscayne Boulevard, 20th Floor, Miami, FL 33131 • (305) 789-9200

CASE NO.: 22-cv-60094-AHS

As to the second prong, in determining whether there is "no just reason for delay" of the entry of final judgment as to less than all claims, the district court should consider "judicial administrative interests—including the historic federal policy against piecemeal appeals—and the equities involved." *Red Roof Inns*, 21 F.4th at 722; *Choate*, 2024 WL 1231207, at \*2 (district court's determination that there is no just reason for delay is reviewed for abuse of discretion).

Here, Plaintiffs' claims were effectively trifurcated into three separate arbitrations on three separate contracts. Defendants now seek to confirm the Final Awards entered in their favor in two of those arbitrations that have been fully resolved. All of Plaintiffs' claims regarding the Commission Agreement and the AN-ISE Charter have been resolved, so there is no reason to delay confirmation of the Final Awards and entry of judgment on same, so that Defendants can proceed with collecting their attorneys' fees from Plaintiffs. *See, e.g.*, *Hirsch*, 2017 WL 5300086, at \*2 ("given the bifurcation of Plaintiffs and RBF's claims against Jupiter, Plaintiffs would be unduly prejudiced by having to wait until RBR's claims against Jupiter are resolved").

## **CONCLUSION**

Accordingly, Defendants respectfully request that the Court enter an order (i) reopening the case; (ii) dismissing with prejudice Counts I, II, IV, V, VII, IX, X, and XII of Plaintiffs' Amended Complaint [ECF No. 3]; (iii) confirming the Final Awards pursuant to 9 U.S.C. § 9; (iv) directing that final judgment be entered thereon pursuant to Fed. R. Civ. P. 54(b) in favor of Defendants and jointly and severally against Plaintiffs consistent with the Final Awards, pursuant to 9 U.S.C. § 13; (v) granting Defendants pre-judgment interest from June 5, 2025 at the rate of nine percent per annum, consistent with the rate imposed in in the Final Awards and New York law; (vi) awarding Defendants their fees and expenses in connection with this motion; and (vi) granting Defendants such additional or other relief as may be just and equitable.

11

CASE NO.: 22-cv-60094-AHS

Dated: March 19, 2026
Miami, Florida

Respectfully submitted,

/s/ Allan R. Kelley
Allan R. Kelley
Fla. Bar No. 309893
Email: akelley@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Citigroup Center
201 South Biscayne Boulevard, 20th Floor
Miami, Florida 33131
Telephone:       (305) 789-9200
Facsimile:       (305) 789-9201

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2026, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Allan R. Kelley
Allan R. Kelley

12